**HONORABLE THOMAS O. RICE**

LAWRENCE H. HASKELL
  Prosecuting Attorney
CHRISTOPHER ANDERSON
  Sr. Deputy Prosecuting Attorney
Spokane County Prosecuting Attorney's Office
W. 1115 Broadway, 2nd Floor
Spokane, Washington 99260
(509) 477-5764

Attorneys for Defendant Ozzie Knezovich

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| CHRIST'S CHURCH OF MT. SPOKANE; WESTGATE CHAPEL, | ) ) ) | No. 2:20-CV-197-TOR |
| Plaintiffs, | ) ) | **DEFENDANT OZZIE** |
| v. | ) ) | **KNEZOVICH'S ANSWER AND AFFIRMATIVE** |
| JAY INSLEE, et al. | ) ) ) | **DEFENSES TO SECOND AMENDED COMPLAINT** |
| Defendants. | ) | |

* * * * * * * * * * * * * * *

COME NOW, LAWRENCE H. HASKELL, Prosecuting Attorney in and for

Spokane County, by and through Deputy Prosecuting Attorney Christopher Anderson,

representing Defendant Ozzie Knezovich (hereinafter referred to as "Defendant"),

and in response to the allegations contained in Plaintiffs' Second Amended Verified

Complaint (hereinafter referred to as "Complaint") admits, denies, and allege as

follows:

**DEFENDANT OZZIE KNEZOVICH'S SECOND AMENDED
ANSWER & AFFIRMATIVE DEFENSES – Page 1 of 28**

## <u>INTRODUCTION</u>

1.     In answering the allegations contained in Paragraph 1 of Plaintiffs' Second Amended Complaint, Paragraph 1 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

2.     In answering the allegations contained in Paragraph 2 of Plaintiffs' Second Amended Complaint, Paragraph 2 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

3.     In answering the allegations contained in Paragraph 3 of Plaintiffs' Second Amended Complaint, Paragraph 3 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

4.     In answering the allegations contained in Paragraph 4 of Plaintiffs' Second Amended Complaint, Paragraph 4 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

5.     In answering the allegations contained in Paragraph 5 of Plaintiffs' Second Amended Complaint, Defendant denies that Paragraph 5 accurately describes Washington's Phased Reopening Plan. To the extent further response is required, it is denied.

6.     In answering the allegations contained in Paragraph 6 of Plaintiffs' Second Amended Complaint, Defendant denies that Paragraph 6 accurately describes

Washington's Phased Reopening Plan. To the extent further response is required, it is denied.

7.    In answering the allegations contained in Paragraph 7 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

8.    In answering the allegations contained in Paragraph 8 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

9.    In answering the allegations contained in Paragraph 9 of Plaintiffs' Second Amended Complaint, Paragraph 9 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

10.    In answering the allegations contained in Paragraph 10 of Plaintiffs' Second Amended Complaint, Paragraph 10 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

11.    In answering the allegations contained in Paragraph 11 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

12.    In answering the allegations contained in Paragraph 12 of Plaintiffs' Second Amended Complaint, Defendant denies the same.

## JURISDICTION AND VENUE

13.     In answering the allegations contained in Paragraph 13 of Plaintiffs' Second Amended Complaint, Defendant admits that this lawsuit raises a federal question under the United States Constitution and 42 U.S.C. §1983. The remainder of Paragraph 13 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

14.     In answering the allegations contained in Paragraph 14 of Plaintiffs' Second Amended Complaint, Paragraph 14 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

15.     In answering the allegations contained in Paragraph 15 of Plaintiffs' Second Amended Complaint, Paragraph 15 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

16.     In answering the allegations contained in Paragraph 16 of Plaintiffs' Second Amended Complaint, Paragraph 16 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

17.     In answering the allegations contained in Paragraph 17 of Plaintiffs' Second Amended Complaint, Paragraph 17 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

# **PARTIES**

18.     In answering the allegations contained in Paragraph 18 of Plaintiffs' Second Amended Complaint, is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

19.     In answering the allegations contained in Paragraph 19 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

20.     In answering the allegations contained in the first sentence of Paragraph 20 of Plaintiffs' Second Amended Complaint, Defendant admits the same.   The remaining allegations in Paragraph 20 assert legal conclusions to which no response is required. To the extent a further response is required, it is denied.

21.     In answering the allegations contained in the first sentence of Paragraph 21 of Plaintiffs' Second Amended Complaint, Defendant admits the same.   The remaining allegations in Paragraph 21 assert legal conclusions to which no response is required. To the extent a further response is required, it is denied.

22.     In answering the allegations contained in the first sentence of Paragraph 22 of Plaintiffs' Second Amended Complaint, Defendant admits the same.   The remaining allegations in Paragraph 22 assert legal conclusions to which no response is required. To the extent a further response is required, it is denied.

23.     In answering the allegations contained in the first sentence of Paragraph

23 of Plaintiffs' Second Amended Complaint, Defendant admits the same. The remaining allegations in Paragraph 23 assert legal conclusions to which no response is required. To the extent a further response is required, it is denied.

24. In answering the allegations contained in the first sentence of Paragraph 24 of Plaintiffs' Second Amended Complaint, Defendant admits the same. The remaining allegations in Paragraph 24 assert legal conclusions to which no response is required. To the extent a further response is required, it is denied.

25. In answering the allegations contained in the first sentence of Paragraph 25 of Plaintiffs' Second Amended Complaint, Defendant admits the same. The remaining allegations in Paragraph 25 assert legal conclusions to which no response is required. To the extent a further response is required, it is denied.

## FACTUAL ALLEGATIONS

### The Churches

26. In answering the allegations contained in Paragraph 26 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

27. In answering the allegations contained in Paragraph 27 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

28. In answering the allegations contained in Paragraph 28 of Plaintiffs'

Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

29.    In answering the allegations contained in Paragraph 29 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

30.    In answering the allegations contained in Paragraph 30 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

31.    In answering the allegations contained in Paragraph 31 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

32.    In answering the allegations contained in Paragraph 32 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

33.    In answering the allegations contained in Paragraph 33 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

## The Churches' Plans to Resume In-Person Services

34.    In answering the allegations contained in Paragraph 34 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information

sufficient to form a belief as to the truth thereof and on that ground denies the same.

35.    In answering the allegations contained in Paragraph 35 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

36.    In answering the allegations contained in Paragraph 36 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

37.    In answering the allegations contained in Paragraph 37 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

38.    In answering the allegations contained in Paragraph 38 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

39.    In answering the allegations contained in Paragraph 39 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

40.    In answering the allegations contained in Paragraph 40 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

41.    In answering the allegations contained in Paragraph 41 of Plaintiffs'

Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

42.    In answering the allegations contained in Paragraph 42 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

43.    In answering the allegations contained in Paragraph 43 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

44.    In answering the allegations contained in Paragraph 45 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

45.    In answering the allegations contained in Paragraph 45 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

46.    In answering the allegations contained in Paragraph 46 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

### The Governor's Covid-19 Orders

47.    In answering the allegations contained in Paragraph 47 of Plaintiffs' Second Amended Complaint, the documents speak for themselves.

48.    In answering the allegations contained in Paragraph 48 of Plaintiffs' Second Amended Complaint, the documents speak for themselves.

49.    In answering the allegations contained in Paragraph 49 of Plaintiffs' Second Amended Complaint, the documents speak for themselves.

50.    In answering the allegations contained in Paragraph 50 of Plaintiffs' Second Amended Complaint, the documents speak for themselves.

51.    In answering the allegations contained in Paragraph 51 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

### The Stay-At-Home Order

52.    In answering the allegations contained in Paragraph 52 of Plaintiffs' Second Amended Complaint, the documents speak for themselves.

53.    In answering the allegations contained in Paragraph 53 of Plaintiffs' Second Amended Complaint, Paragraph 53 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

54.    In answering the allegations contained in Paragraph 54 of Plaintiffs' Second Amended Complaint, the documents speak for themselves.

55.    In answering the allegations contained in Paragraph 55 of Plaintiffs' Second Amended Complaint, the documents speak for themselves.

56.    In answering the allegations contained in Paragraph 56 of Plaintiffs'

Second Amended Complaint, the documents speak for themselves.

57.    In answering the allegations contained in Paragraph 57 of Plaintiffs' Second Amended Complaint, the documents speak for themselves.

58.    In answering the allegations contained in Paragraph 58 of Plaintiffs' Second Amended Complaint, the documents speak for themselves.

59.    In answering the allegations contained in Paragraph 59 of Plaintiffs' Second Amended Complaint, the documents speak for themselves.

60.    In answering the allegations contained in Paragraph 60 of Plaintiffs' Second Amended Complaint, the documents speak for themselves.

61.    In answering the allegations contained in Paragraph 61 of Plaintiffs' Second Amended Complaint, Defendant admits that Proclamation 20-25 was originally set to expire on April 6, 2020. The Governor amended and extended Proclamation 20-15 in Proclamations 20-25.1, 20-25-2, and 20-25.3. Defendant denies that Proclamation 20-25 expired on May 31. On May 31, the Governor amended and extended Proclamations 20-25, 20-25.1, 20-25.2, and 20-25.3 (Stay Home – Stay Healthy) in Proclamation 20-25.4, which was renamed the Safe Start – Stay Healthy Proclamation. Except as expressly admitted above, all remaining allegations in Paragraph 61 are denied.

**The Original Reopening Plan**

62.    In answering the allegations contained in Paragraph 62 of Plaintiffs'

Second Amended Complaint, the documents speak for themselves.

63.     In answering the allegations contained in Paragraph 63 of Plaintiffs'
Second Amended Complaint, the documents speak for themselves.

64.     In answering the allegations contained in Paragraph 64 of Plaintiffs'
Second Amended Complaint, the documents speak for themselves.

65.     In answering the allegations contained in Paragraph 65 of Plaintiffs'
Second Amended Complaint, the documents speak for themselves.

66.     In answering the allegations contained in Paragraph 66 of Plaintiffs'
Second Amended Complaint, the documents speak for themselves.

67.     In answering the allegations contained in Paragraph 67 of Plaintiffs'
Second Amended Complaint, the documents speak for themselves.

68.     In answering the allegations contained in Paragraph 68 of Plaintiffs'
Second Amended Complaint, the documents speak for themselves.

69.     In answering the allegations contained in Paragraph 69 of Plaintiffs'
Second Amended Complaint, the documents speak for themselves.

70.     In answering the allegations contained in Paragraph 70 of Plaintiffs'
Second Amended Complaint, the documents speak for themselves.

### The Church Gathering Ban

71.     In answering the allegations contained in Paragraph 71 of Plaintiffs'
Second Amended Complaint, Defendant admits the same.

72.    In answering the allegations contained in Paragraph 72 of Plaintiffs' Second Amended Complaint, Defendant admits the first sentence of Exhibit 13 references "'superspreader' events." Except as expressly admitted above, all remaining allegations in Paragraph 72 are denied.

73.    In answering the allegations contained in Paragraph 73 of Plaintiffs' Second Amended Complaint, Defendant admits Governor Inslee issued "Phase 1 and 2 Religious and Faith-based Organization COVID-19 Requirements" attached as Exhibit 14. Defendant affirmatively alleges that Exhibit 14 was superseded by new guidance from the Governor issued on June 18, 2020, October 21, 2020, and November 15, 2020. Except as expressly admitted above, all remaining allegations in Paragraph 73 are denied.

74.    In answering the allegations contained in Paragraph 74 of Plaintiffs' Second Amended Complaint, Defendant admits Governor Inslee issued "Phase 1 and 2 Religious and Faith-based Organization COVID-19 Requirements" attached as Exhibit 15. Defendant affirmatively alleges that updated guidance was issued by Governor Inslee on November 15, 2020. Except as expressly admitted above, all remaining allegations in Paragraph 74 are denied.

75.    In answering the allegations contained in Paragraph 75 of Plaintiffs' Second Amended Complaint, Defendant admits the Governor Inslee's October 21, 2020, "Phase 1 and 2 Religious and Faith-based Organization COVID-19

Requirements" limits indoor religious services to "25% capacity or 200 individuals, whichever is less." Defendant denies that the October 21, 2020, "Phase 1 and 2 Religious and Faith-based Organization COVID-19 Requirements," is the "current religious guidance" issued by the Governor. Except as expressly admitted above, all remaining allegations in Paragraph 75 are denied.

76.    In answering the allegations contained in Paragraph 76 of Plaintiffs' Second Amended Complaint, Defendant admits the same.

## The Current Reopening Plan

77.    In answering the allegations contained in Paragraph 77 of Plaintiffs' Second Amended Complaint, Defendant admits the same.

78.    In answering the allegations contained in Paragraph 78 of Plaintiffs' Second Amended Complaint, Defendant admits that the effective date of Proclamation 20-25.7 begins July 24, 2020, and lasts "until the state of emergency, issued on February 29, 2020, pursuant to Proclamation 20-05, is rescinded or until this order is amended or rescinded." On November 15, 2020, the Governor issued Proclamation 20-25.8, which modified earlier Proclamations until December 14, 2020, "unless otherwise extended." Except as expressly admitted above, all remaining allegations in Paragraph 78 are denied.

79.    In answering the allegations contained in Paragraph 79 of Plaintiffs' Second Amended Complaint, Defendant admits that Proclamation 20-25.7 provides

that guidance governing various activities "may be updated or modified as the science and data support." Defendant denies that Proclamation 20-25.7 references religious services. Except as expressly admitted above, all remaining allegations are denied.

80.    In answering the allegations contained in Paragraph 80 of Plaintiffs' Second Amended Complaint, Paragraph 80 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

81.    In answering the allegations contained in Paragraph 81 of Plaintiffs' Second Amended Complaint, the documents speak for themselves.

82.    In answering the allegations contained in Paragraph 82 of Plaintiffs' Second Amended Complaint, Paragraph 82 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

83.    In answering the allegations contained in Paragraph 83 of Plaintiffs' Second Amended Complaint, Paragraph 83 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

84.    In answering the allegations contained in Paragraph 84 of Plaintiffs' Second Amended Complaint, Paragraph 84 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

85.    In answering the allegations contained in Paragraph 85 of Plaintiffs' Second Amended Complaint, Paragraph 85 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

86.    In answering the allegations contained in Paragraph 86 of Plaintiffs' Second Amended Complaint, Paragraph 86 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

87.    In answering the allegations contained in Paragraph 87 of Plaintiffs' Second Amended Complaint, Paragraph 87 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

### Secular Exceptions to the Gathering Bans

88.    In answering the allegations contained in Paragraph 88 of Plaintiffs' Second Amended Complaint, Paragraph 88 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

89.    In answering the allegations contained in Paragraph 89 of Plaintiffs' Second Amended Complaint, Paragraph 89 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

90.    In answering the allegations contained in Paragraph 90 of Plaintiffs' Second Amended Complaint, Paragraph 90 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

91.    In answering the allegations contained in Paragraph 91 of Plaintiffs' Second Amended Complaint, Paragraph 91 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

92.    In answering the allegations contained in Paragraph 92 of Plaintiffs'

Second Amended Complaint, Paragraph 92 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

93.    In answering the allegations contained in Paragraph 93 of Plaintiffs' Second Amended Complaint, Paragraph 93 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

94.    In answering the allegations contained in Paragraph 94 of Plaintiffs' Second Amended Complaint, Paragraph 94 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

95.    In answering the allegations contained in Paragraph 95 of Plaintiffs' Second Amended Complaint, Paragraph 95 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

96.    In answering the allegations contained in Paragraph 96 of Plaintiffs' Second Amended Complaint, Paragraph 96 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

97.    In answering the allegations contained in Paragraph 97 of Plaintiffs' Second Amended Complaint, Paragraph 97 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

98.    In answering the allegations contained in Paragraph 98 of Plaintiffs' Second Amended Complaint, Paragraph 98 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

99. In answering the allegations contained in Paragraph 99 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

100.   In answering the allegations contained in Paragraph 100 of Plaintiffs' Second Amended Complaint, the first sentence asserts legal conclusions to which no response is required. To the extent a response is required, it is denied. Defendant admits the allegation in the second sentence of Paragraph 100. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in the third sentence of Paragraph 100,  thereof and on that ground denies the same.

101.   In answering the allegations contained in Paragraph 101 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

102.   In answering the allegations contained in Paragraph 102 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence, thereof and on that ground denies the same. In answering the remaining allegations in Paragraph 102, the documents speak for themselves and require no answer.

103.   In answering the allegations contained in Paragraph 103 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

104.   In answering the allegations contained in Paragraph 104 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

105.   In answering the allegations contained in Paragraph 105 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

106.   In answering the allegations contained in Paragraph 106 of Plaintiffs' Second Amended Complaint, Paragraph 106 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

107.   In answering the allegations contained in Paragraph 107 of Plaintiffs' Second Amended Complaint, Paragraph 107 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

108.   In answering the allegations contained in Paragraph 108 of Plaintiffs' Second Amended Complaint, Paragraph 108 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

109.   In answering the allegations contained in Paragraph 109 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

### Defendants' Credible Threats and Actions to enforce the COVID-19 executive Orders and Guidance

110.    In answering the allegations contained in Paragraph 110 of Plaintiffs' Second Amended Complaint, Defendant denies that the Defendant or the Spokane County Sheriff's Office has issued any threats of enforcement to Plaintiffs. As to the remaining allegations in Paragraph 110, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

111.    In answering the allegations contained in Paragraph 111 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

### <u>LEGAL ALLEGATIONS</u>

112.    In answering the allegations contained in Paragraph 112 of Plaintiffs' Second Amended Complaint, Paragraphs 112 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

113.    In answering the allegations contained in Paragraph 113 of Plaintiffs' Second Amended Complaint, Paragraphs 113 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

114.    In answering the allegations contained in Paragraph 114 of Plaintiffs' Second Amended Complaint, Paragraphs 114 asserts legal conclusions to which no

response is required. To the extent a response is required, it is denied.

115.   In answering the allegations contained in Paragraph 115 of Plaintiffs' Second Amended Complaint, Paragraphs 115 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

116.   In answering the allegations contained in Paragraph 116 of Plaintiffs' Second Amended Complaint, Paragraphs 116 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

## COUNT I

### Violation of the First Amendment to the U.S. Constitution
### (Free Exercise)

117.   Defendant realleges each and every previous answers as if fully set forth herein.

118.   In answering the allegations contained in Paragraph 118 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

119.   In answering the allegations contained in Paragraph 119 of Plaintiffs' Second Amended Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof and on that ground denies the same.

120.   In answering the allegations contained in Paragraph 120 of Plaintiffs' Second Amended Complaint, Paragraph 120 asserts legal conclusions to which no

response is required. To the extent a response is required, it is denied.

121.  In answering the allegations contained in Paragraph 121 of Plaintiffs' Second Amended Complaint, Paragraph 121 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

122.  In answering the allegations contained in Paragraph 122 of Plaintiffs' Second Amended Complaint, Paragraph 122 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

123.  In answering the allegations contained in Paragraph 123 of Plaintiffs' Second Amended Complaint, Paragraph 123 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

124.  In answering the allegations contained in Paragraph 124 of Plaintiffs' Second Amended Complaint, Paragraph 124 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

125.  In answering the allegations contained in Paragraph 125 of Plaintiffs' Second Amended Complaint, Paragraph 125 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

126.  In answering the allegations contained in Paragraph 126 of Plaintiffs' Second Amended Complaint, Paragraph 126 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

127.  In answering the allegations contained in Paragraph 127 of Plaintiffs'

Second Amended Complaint, Paragraph 127 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

## COUNT II

### Violation of the First Amendment to the U.S. Constitution
### (Right to Assemble)

128.    Defendant realleges each and every previous answers as if fully set forth herein.

129.    In answering the allegations contained in Paragraph 129 of Plaintiffs' Second Amended Complaint, Paragraph 129 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

130.    In answering the allegations contained in Paragraph 130 of Plaintiffs' Second Amended Complaint, Paragraph 130 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

131.    In answering the allegations contained in Paragraph 131 of Plaintiffs' Second Amended Complaint, Paragraph 131 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

132.    In answering the allegations contained in Paragraph 132 of Plaintiffs' Second Amended Complaint, Paragraph 132 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

133.    In answering the allegations contained in Paragraph 133 of Plaintiffs'

Second Amended Complaint, Paragraph 133 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

## COUNT III

### Violation of the First Amendment of the U.S. Constitution
### (Free Speech)

134.   Defendant realleges each and every previous answers as if fully set forth herein.

135.   In answering the allegations contained in Paragraph 135 of Plaintiffs' Second Amended Complaint, Paragraph 135 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

136.   In answering the allegations contained in Paragraph 136 of Plaintiffs' Second Amended Complaint, Paragraph 136 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

137.   In answering the allegations contained in Paragraph 137 of Plaintiffs' Second Amended Complaint, Paragraph 137 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

138.   In answering the allegations contained in Paragraph 138 of Plaintiffs' Second Amended Complaint, Paragraph 138 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

139.   In answering the allegations contained in Paragraph 139 of Plaintiffs'

Second Amended Complaint, Paragraph 139 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

140.    In answering the allegations contained in Paragraph 140 of Plaintiffs' Second Amended Complaint, Paragraph 140 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

141.    In answering the allegations contained in Paragraph 141 of Plaintiffs' Second Amended Complaint, Paragraph 141 asserts legal conclusions to which no response is required. To the extent a response is required, it is denied.

## **PRAYER FOR RELIEF**

The four paragraphs (a-e) in this part of the Complaint constitute Plaintiffs' request for relief, to which no response is required. To the extent a response is required, State Defendants denies that Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## **AFFIRMATIVE DEFENSES**

Defendant having previously answered Plaintiffs' Second Amended Complaint, set forth the following by way of Affirmative Defenses:

1.1    None of the actions described in Plaintiffs' Second Amended Complaint constitute a violation of Plaintiffs' state, federal, constitutional or statutory rights by Defendant.

1.2    Defendant's actions in this case did not violate any of Plaintiffs' clearly established constitutional rights, thereby entitling Defendant to qualified immunity, or alternatively absolute immunity.

1.3    Plaintiffs' Second Amended Complaint seeks to impose duties on Defendant that are not required by law.

1.4    Plaintiffs' Second Amended Complaint alleges a number of causes of action which fail to state a claim for which relief can be granted.

1.5    Plaintiffs' injuries, if any, were proximately caused by an independent intervening cause for which Defendant is not liable.

1.6    The sole and proximate cause of any damages to Plaintiff, if any exist, was his own intentional and/or negligent acts or those of other unnamed tortfeasors, and his damages, if any, must be reduced proportionately.

1.7    If Plaintiff incurred any damages, which is expressly denied, Plaintiff failed to mitigate his damages, thereby barring or reducing any recovery.

1.8    Defendant reserves the right to raise such further and additional defenses or counterclaims as may be available upon facts to be developed in discovery and/or applicable substantive law and to amend this Answer.

**WHEREFORE**, Defendant having previously provided their answer to Plaintiffs' factual allegations and having set forth their affirmative defenses, request the following relief:

1.    That Plaintiffs' Second Amended Complaint be dismissed with prejudice and Plaintiff taking nothing thereby; and

2.    For such further and other relief that the Court deems just and equitable in the premises.

DATED this 4th day of December, 2020

LAWRENCE H. HASKELL
Spokane County Prosecuting Attorney

  s/Christopher Anderson
Christopher Anderson, WSBA#45361
Attorneys for Defendant Ozzie Knezovich
Spokane County Prosecuting Atty's Office
W. 1115 Broadway Avenue
Spokane, Washington  99260
Telephone:  (509) 477-5764
Fax:  (509) 477-3672
Email:  canderson@spokanecounty.org

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 4, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.  The NEF for the foregoing specifically identifies recipients of electronic notice.

LAWRENCE H. HASKELL
Spokane County Prosecuting Attorney


  s/Christopher Anderson
Christopher Anderson, WSBA#45361
Attorneys for Defendant Ozzie Knezovich
Spokane County Prosecuting Atty's Office
W. 1115 Broadway Avenue
Spokane, Washington  99260
Telephone:  (509) 477-5764
Fax:  (509) 477-3672
Email:  canderson@spokanecounty.org