**HONORABLE THOMAS O. RICE**

LAWRENCE H. HASKELL
  Prosecuting Attorney
CHRISTOPHER ANDERSON
  Sr. Deputy Prosecuting Attorney
Spokane County Prosecuting Attorney's Office
W. 1115 Broadway, 2nd Floor
Spokane, Washington 99260
(509) 477-5764

Attorneys for Defendant Ozzie Knezovich

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| CHRIST'S CHURCH OF MT. SPOKANE; WESTGATE CHAPEL, | ) ) ) | No. 2:20-CV-197-TOR |
| Plaintiffs, | ) ) | DEFENDANT SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |
| v. | ) ) | |
| JAY INSLEE, et al. | ) ) ) | |
| Defendants. | ) | |

### I.     Introduction

This case arises out of Plaintiffs' claim that certain emergency proclamations, implemented to slow the spread of COVID-19, unlawfully infringe on their constitutional rights. Plaintiffs ask this Court to modify Governor Inslee's Proclamation so that they may congregate indoors in the numbers larger than currently allowed.

Defendant, Ozzie Knezovich, Spokane County's duly elected Sheriff, takes

no position regarding the Plaintiff's challenge to Governor Inslee's Proclamation 20-25.9[1]. It is Sheriff Knezovich's position that should the Court finds the Governor Inslee's Proclamation constitutional, the Court should affirm Sheriff Knezovich's authority to enforce lawful orders.

## II.    Background

Plaintiff Christ's Church of Mt. Spokane is located in the unincorporated city of Mead, Spokane County, Washington.

## III.    Legal Argument

A preliminary injunction is an "extraordinary and drastic remedy," 11A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 2948, p. 129 (2d ed.1995) (footnotes omitted); it is never awarded as of right, *Yakus v. United States,* 321 U.S. 414, 440, 64 S.Ct. 660, 88 L.Ed. 834 (1944). Rather, a party seeking a preliminary injunction must demonstrate, among other things, "a likelihood of success on the merits," that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction

---

[1] On December 21, 2020, Governor Inslee issued Proclamation 20-25.10, removing the 200-person maximum attendance cap for houses of worship, weddings, and funerals.

**DEFENDANT SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**
Page 2 of 7

is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374, 172 L. Ed. 2d 249 (2008).

### A. Office of the County Sheriff

In Washington, the office of sheriff is a constitutional office created by Article 11, § 5 of the Washington State Constitution (Amendment 12). Sheriffs exercise law enforcement responsibilities and carry out various judicial responsibilities[2]. The sheriff is the "conservator of the peace" of the county, arrests persons who break the "peace" or attempt to break the "peace," arrests persons guilty of public offenses, defends the county against persons who endanger the peace, and keeps and preserves the peace. RCW 36.28.010. The law enforcement authority of the sheriff is countywide, extending inside cities as well as in all unincorporated areas of the county. RCW36.28.010 - .011; *State v. Knight*, 79 Wash. App. 670, 681, 904 P.2d 1159, 1165 (1995); Op. Att'y Gen. 61–62 No. 25 at 4–5 (April 28, 1961).

---

[2] The sheriff has judicial responsibilities including, responsibility for executing the processes and orders of courts and judicial officers, executing warrants, attending all sessions of courts of record in the county, and obeying lawful orders and directions made by courts of record in the county. Sheriffs also conduct public auctions of property seized under execution by courts. RCW 36.28.101(4)-(6).

The county sheriff enjoys broad discretion to determine how the office, and its deputies, will prioritize and execute law enforcement functions and goals. *Miller v. Pacific County*, 9 Wn. App. 177, 178, 509 P.2d 377, review denied, 82 Wn.2d 1013 (1973)(Courts may interfere in the discretionary acts of public officers only if the act in question is so arbitrary and capricious as to evidence a total failure to exercise discretion, and therefore, is not a valid act. *Murray v. Jefferson Cty. Sheriff*, 84 Wash. App. 1043 (1996); *See also, Jenkins v. Medford,* 119 F.3d 1156, 1162 (4th Cir. 1997)("By choosing a particular candidate to protect the citizens of the county, the electorate vests in the sheriff broad discretion to set and implement the policies necessary to carry out his goals."); *Livas v. Petka,* 711 F.2d 798 (7th Cir.1983)); *McBee v. Jim Hogg County,* 703 F.2d 834, 839, *vacated on other grounds,* 730 F.2d 1009 (5th Cir.1984).

**Sheriff Knezovich's Actions**

Defendant Ozzie Knezovich is the elected sheriff of Spokane County. Sheriff Knezovich is committed to ensuring the safety of the residents of Spokane County. To that end, Sheriff Knezovich in conjunction with other local jurisdictions and the Spokane Regional Health District established a plan to address non-compliance with the Governor's Proclamations which supported education over enforcement for voluntary compliance with the Governor's Proclamations. *Declaration of Sheriff*

*Ozzie Knezovich, ¶ 5-7.*

While Sheriff Knezovich has the authority to enforce state law and lawful emergency orders, he has not prioritized his resources to monitor for compliance with the Governor's Proclamations, and has opted to work collaboratively with the Spokane Regional Health District in lieu of exercising his authority to implement criminal enforcement. *Declaration of Sheriff Ozzie Knezovich,* ¶ 8-9. Sheriff Knezovich's approach to addressing non-compliance with the Governor's Proclamations has been largely successful, as evidenced by the fact that no organization has been referred for legal action. *Declaration of Sheriff Ozzie Knezovich, ¶* 10-11.

Notably, Plaintiffs' raise no claims against Sheriff Knezovich. Sheriff Knezovich is named solely because he *could* take some speculative action. To the extent that Plaintiffs' suggest that Sheriff Knezovich has taken any adverse action, or engaged in any enforcement against them, they are mistaken. *Plaintiffs' Motion for Temporary Injunction,* (ECF No. 37 at 3, ln.14) ("Defendant's threaten the Churches with criminal penalties … .") Sheriff Knezovich has had no contact with Plaintiff Christ's Church of Mt. Spokane, the only Plaintiff within his jurisdiction. *Declaration of Sheriff Ozzie Knezovich, ¶* 13.

Simply put, the Plaintiffs have made no allegation, and put forth no evidence

**DEFENDANT SPOKANE COUNTY SHERIFF OZZIE KNEZOVICH'S RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**
Page 5 of 7

to demonstrate, that Sheriff Knezovich has, or is likely to, exercise his authority in a manner that is Constitutionally prohibited or would otherwise support their cause of action.

### IV.   Conclusion

The Spokane County Sheriff is the chief law enforcement officer for Spokane County. In that capacity, he has the authority to enforce state law, including provisions related to lawful emergency orders. The Sheriff defers to this Court regarding the constitutional issues presented in this case and is prepared to act in accordance with this Court's decision.

DATED this 22nd day of December, 2020

                                        LAWRENCE H. HASKELL
                                      Spokane County Prosecuting Attorney

                                      s/Christopher Anderson
                                      Christopher Anderson, WSBA#45361
                                      Attorneys for Defendant Ozzie Knezovich
                                      Spokane County Prosecuting Atty's Office
                                      W. 1115 Broadway Avenue
                                      Spokane, Washington  99260
                                      Telephone:  (509) 477-5764
                                      Fax:  (509) 477-3672
                                      Email:  canderson@spokanecounty.org

# CERTIFICATE OF SERVICE

I hereby certify that on December 22, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice.

                        LAWRENCE H. HASKELL
                        Spokane County Prosecuting Attorney

                         s/Christopher Anderson
                        Christopher Anderson, WSBA#45361
                        Attorneys for Defendant Ozzie Knezovich
                        Spokane County Prosecuting Atty's Office
                        W. 1115 Broadway Avenue
                        Spokane, Washington  99260
                        Telephone:  (509) 477-5764
                        Fax:  (509) 477-3672
                        Email:  canderson@spokanecounty.org